NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 14a0558n.06

No. 13-6589

## UNITED STATES COURTS OF APPEALS FOR THE SIXTH CIRCUIT

FILED
Jul 25, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff – Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| VERLON SESSON, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant – Appellant. | ) | |

**BEFORE: COLE, COOK, and WHITE, Circuit Judges.**

**PER CURIAM.** Verlon Sesson pleaded guilty of being a felon in possession of a firearm, 18 U.S.C. § 922(g). The district court sentenced him to 180 months' imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The dispositive issue is whether the offense of simple robbery under Tennessee law[1] qualifies as a violent felony for sentencing enhancement purposes under the ACCA. During the pendency of this appeal, this court held that a Tennessee robbery conviction is categorically a violent felony under both the "use of force" and residual clauses of the ACCA. *United States v. Mitchell*, 743 F.3d 1054, 1066 (6th Cir. 2014), *reh'g en banc denied*, No. 13-5288, 2014 U.S. App. LEXIS 7264 (6th Cir. Apr.

---

[1] Sesson pleaded guilty of simple robbery in 1986. The robbery statute in effect at that time, Tenn. Code Ann. § 39-2-501(a) (1982) (now repealed), defined robbery as "the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear."

1

3, 2014), *petition for cert. filed*, __ U.S.L.W. __ (U.S. June 18, 2014) (No. 13-10682).  Sesson

acknowledges, and we agree, that we are bound by *Mitchell* and must AFFIRM.[2]

---

[2] Sesson argued below and argues in his opening brief that the *Shepard* documents presented to the district court, the indictment and judgment pertaining to his simple robbery conviction, did not show that he necessarily admitted through his plea the elements of the predicate offense that would show serious potential risk of physical injury to another.  Thus, he argues, the district court improperly enhanced his sentence on the basis of his simple robbery conviction.  Br. at 26-28.  Sesson reiterates that he was charged originally with armed robbery but pleaded guilty to simple robbery, and argues that without examining that plea colloquy there is no way of knowing whether any facts supporting the elements of simple robbery were read into the record such that Sesson could admit to them.  Sesson argues that since the district court ruled the statute divisible, it should have determined which alternative version of the offense, i.e., the "violence" or "fear" prong, was in issue by using permissible *Shepard* documents.

We first observe that Sesson did not dispute below that he had a robbery conviction.  And on appeal Sesson admits that the indictment and judgment from the 1986 simple robbery conviction were introduced at sentencing and both showed that he pleaded guilty of simple robbery.  Br. at 26.  In any event, we need not address Sesson's argument that the *Shepard* documents in the record were insufficient to show that his conviction of simple robbery qualified as a violent felony.  As this court explained in *Mitchell*, it does not matter that the robbery statute is divisible into "violence" and "fear" prongs because "neither alternative element departs from the definitions" in the ACCA use of force or residual clauses.  *United States v. Mitchell*, 743 F.3d at 1054, 1066 (6th Cir. 2014).